**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| THE STANLEY S. AND MILLICENT R. BARASCH LIVING TRUST AND LORETTA DEHAY, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> GPB CAPITAL HOLDINGS, LLC, et al., <br><br> Defendants. | Case No. 1:19-cv-01079-LY |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF JOINT MOTION OF DEFENDANTS GPB CAPITAL HOLDINGS, LLC, GPB AUTOMOTIVE PORTFOLIO, LP, GPB COLD STORAGE, LP, GPB HOLDINGS II, LP, GPB HOLDINGS, LP, GPB HOLDINGS III LP, GPB HOLDINGS QUALIFIED LP, GPB NYC DEVELOPMENT, LP, GPB WASTE MANAGEMENT FUND, LP, HIGHLINE MANAGEMENT, INC., DAVID GENTILE, ASCENDANT CAPITAL, LLC, ASCENDANT ALTERNATIVE STRATEGIES, LLC, AXIOM CAPITAL MANAGEMENT, INC., JEFFRY SCHNEIDER, MARK D. MARTINO, DJ PARNTERS LLC, MR RANGER, LLC, RSM US LLP, CROWE LLP, MICHAEL FROST, STEVEN FRANGIONI, SCOTT NAUGLE, EVAN MYRIANTHOPOULOS, DOTTY J. BOLLINGER, CKFG HOLDING LLC, MCANNA, LP, ROBERT KESSLER, GERALD FRANCESE, AND RINA CHERNAYA TO DISMISS THE PLAINTIFFS' THIRD AMENDED COMPLAINT BASED ON THE DOCTRINE OF *FORUM NON CONVENIENS* AND PURSUANT TO <u>RULE 12(B)(3), OR, ALTERNATIVELY, TO STAY THIS ACTION</u>**

**PRELIMINARY STATEMENT**

Moving Defendants[1] respectfully submit this Reply Memorandum in further support of their Motion to Dismiss the putative Third Amended Class Action Complaint (the "Complaint"), based on the doctrine of *forum non conveniens* and improper venue.

The Court should disregard the Plaintiffs' attempt to avoid the consequence of the terms of the contracts into which they entered. All of the Plaintiffs' claims—whether brought under the Texas Securities Act ("TSA") or common law—arise out of their purchase of the limited partnership interests pursuant to Subscription Agreements, as the claims are based on alleged omissions, misrepresentations, and misconduct that (they assert) served to induce those purchases. Because these claims arise out of or in connection with the Subscription Agreements, they are subject to the forum selection clause contained in those agreements (the "Forum Selection Clause"). The Forum Selection Clause is broad in scope, mandatory in its terms, and, under the applicable law, fully enforceable.

As fully detailed in the Moving Defendants' Joint Motion and as set forth herein, the Complaint must be dismissed without reaching the merits of the claims under the doctrine of *forum non conveniens*, or dismissed based on the lack of venue in this District. Alternatively, should this Court determine not to dismiss the action, the Court should exercise its discretionary authority and stay this case in favor of the parallel prior-filed New York State class action.

---

[1] As listed in the Joint Motion to Dismiss Plaintiffs' Third Amended Complaint Based on the Doctrine of *Forum Non Conveniens* and Pursuant to Rule 12(b)(3), Or, Alternatively, To Stay this Action. (Dkt. No. 265).

**ARGUMENT**

**I.    THE SUBSCRIPTION AGREEMENT
       IS A BINDING CONTRACTUAL OBLIGATION**

Without citation to a single authority, Plaintiffs argue that GPB Capital Holdings, LLC's ("GPB Capital") use of a wholly-owned subsidiary, Highline Management, Inc. ("Highline"), to perform administrative functions with respect to the GPB Funds somehow serves to void the terms of the Subscription Agreement, including the Forum Selection Clause. This argument is without merit.

A subscription agreement is a binding agreement by which a company, such as each of the GPB Funds, contractually obligates itself to deliver the limited partnership interests, absent which investors, such as the Plaintiffs, would own no interest. See Zhang v. Monroe, No. 6:13-CV-811, 2017 U.S. Dist. LEXIS 4259, at *12 (E.D. Tex. Jan. 11, 2017). Here, the Subscription Agreements executed by the Plaintiffs remain valid and in effect, as GPB Capital was expressly permitted to delegate management functions to an affiliate. As detailed in the GPB Defendants' FRCP 12(b)(6) motion to dismiss (Dkt No. 264, pp. 17-18), and set forth in the Emanuel Declaration (Dkt. No. 264-1), Highline was formed in December, 2019 and is wholly owned by GPB Capital. (Emanuel Dec. ¶ 12 and Exhibit M annexed thereto). Schedule D ("Miscellaneous") of GPB Capital's Form ADV dated June 30, 2020 (annexed as Exhibit N to the Emanuel Dec.), which Plaintiffs rely upon in their Complaint (Compl. ¶ 302), discloses that Highline "was formed in January 2020 to assume the day to day duties and responsibilities of GPB with respect to the management of the business affairs, operations and financial reporting of the various limited partnerships sponsored by GPB as well as the Portfolio Companies."

Highline is an "Affiliate" of GPB Capital as defined in the limited partnership agreements because it is wholly-owned by GPB Capital, and GPB Capital has the "power to

2

direct the management and policies of [Highline], directly or indirectly, whether through the ownership of voting securities, by contract or otherwise." (See Emanuel Decl. Exs. C, E, and G, Section 2.1). Section 3.1 of each of those agreements, into which Plaintiffs entered (see Exhibits C, E and G to the Emanuel Dec.), afford GPB Capital, as general partner, the power to "delegate authority to other Persons," in connection with its services to the partnerships. Section 3.7 (a) of those agreements provide that GPB Capital, either through itself **or its affiliates** will perform its duties. That section states:

> (a) The General Partner, itself or through an Affiliate, intends to devote a sufficient portion of its financial, personnel and other resources to administering the businesses of the Partnership to the extent that the General Partner deems necessary to perform its duties as set forth in this Agreement.

"There can be no improper assignment of the underwriting and advisory agreements if control of the investment advisor remains in the same hands." Herzog v. Russell, 483 F. Supp. 1346, 1356 (E.D.N.Y. 1979). The actions of a regulated party, such as GPB Capital, which are consistent with its contractual duties, is not a violation of Investment Advisors Act. See Hammer v. Reetz, No. 16 Civ. 6590 (LLS), 2017 U.S. Dist. LEXIS 28306, at *20-21 (S.D.N.Y. Feb. 24, 2017).

## II. THE FORUM SELECTION CLAUSE IS MANDATORY

Plaintiffs argue that because the Forum Selection Clause does not "explicitly require[] that all claims must be brought" only in New York, that it is not mandatory. (Dkt. No. 286, Pltff. Opp. p. 18). No authority is offered for this position, nor do Plaintiffs even try to rebut the authority cited in the Joint Motion which makes it clear that a clause containing "will" lie language similar to that found in the clause at issue renders such clause mandatory. See Morgan-Rinehart v. Van De Perre, No. A-16-CA-01327-SS, 2017 U.S. Dist. LEXIS 56392, at *15 (W.D. Tex. Apr. 12, 2017).

3

Plaintiffs' argument is based on the erroneous assertion that because the Forum Selection Clause states that jurisdiction "will lie" in New York, rather than "will only lie" in New York, that this somehow makes it permissive. (Dkt. No. 286, Pltff. Opp., p. 20). Plaintiffs fail to cite to any authority in support of this position. Indeed, the cases cited to in the Moving Defendants' Joint Motion (Dkt. No. 265, pp. 9-10) are clear that phrases such as "will only be brought" or "must be brought" are not required to make a clause mandatory. See Wolfe v. CareFirst of Md., Inc., No. 4:09-CV-492, 2010 U.S. Dist. LEXIS 48842, at *3, 10-11 (E.D. Tex. Apr. 26, 2010) (clause stating that action "will be brought" deemed mandatory); Garcia v. Fid. ATM, Inc., No. M-06-130, 2006 U.S. Dist. LEXIS 70069, at *2-8 (S.D. Tex. Sept. 27, 2006) (clause providing that action "will be brought" held mandatory); Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., 177 S.W.3d 605, 615 (Tex. App. Houston [1st Dist.] 2005).

Plaintiffs' reliance on Deluca v. GPB Auto. Portfolio, LP, No. 19-cv-10498 (LAK), 2020 U.S. Dist. LEXIS 234443 (S.D.N.Y. Dec. 13, 2020) is similarly misplaced. Deluca is neither controlling nor persuasive. The Deluca Court's decision relied extensively on the language of "Article 5 of the CPLR," New York's venue provision, to render its determination, a statutory framework which has no bearing on this Court's determination. Id. at *29. The Court's narrow reading of the Forum Selection Clause is inconsistent with New York authority and, Moving Defendants believe, wrongly decided. See Leasing Serv. Corp. v. Graham, 646 F. Supp. 1410, 1415 (S.D.N.Y. 1986) (holding that a forum clause providing that "venue will lie in New York" was enforceable).

Finally, Plaintiffs argue that the Forum Selection Clause should not be enforced because it is in contravention of Section 17-109(d) of the Delaware Revised Uniform Limited Partnership Act, which provides that a limited partner may not waive its right to "maintain a legal action" in Delaware "relating to the organization or internal affairs of a limited partnership." Plaintiffs

have cited to no authority in support of this position, or explained how a Delaware law that, in certain situations, may afford a Delaware court with jurisdiction, has any relevance to why a *Texas* court should retain jurisdiction over a case in the face of a mandatory forum clause. Plaintiffs here have not brought their action in Delaware, and so the question of whether the Forum Selection Clause could be enforced to preclude filing suit in Delaware is simply not presented. Nothing in Section 17-109(d) prohibits a limited partner from waiving any right such partner might otherwise have to bring suit in Texas.

Plaintiffs' argument is also misplaced. In the first place, Plaintiffs' claims arise, in predominant part, from what they claim was fraud in connection with their purchase of the limited partnership interests, and do not relate to the organization or internal affairs of the partnerships themselves. Such claims are not even covered by the express terms of Section 17-109(d). Moreover, even as to claims relating to the internal affairs of a partnership, such provision "does not, however, mandate litigation of internal governance disputes in Delaware courts." In re Bay Hills Emerging Partners I, L.P., No. 2018-0234-JRS, 2018 Del. Ch. LEXIS 214, at *19 (Del. Ch. July 2, 2018). In Bay Hills, the court stayed a Delaware action seeking the removal of a general partner in favor of a later-filed action, venued in Kentucky pursuant to a forum selection clause, relating to the same internal affairs issues. Id. at *19-21.

### III. THE CLAIMS ARE SUBJECT TO THE FORUM SELECTION CLAUSE

The Subscription Agreements expressly provide that venue for "any litigation arising **out of, under, or in connection with**" the Subscription Agreements must be brought in the New York State courts (Emanuel Decl. Exs. B, D, F, and H, p. 12, ¶ 40(b)) (emphasis added). Despite this, the Plaintiffs assert that their claims "are independent of the contract" and not subject to the Forum Selection Clause. (Dkt. No. 286, Pltff. Opp., p. 22) (internal quotations omitted). Such assertion is specious.

5

As fully detailed in the Joint Motion (Dkt. No. 265, pp. 11-13), and contrary to the Plaintiffs' argument, the law in this Circuit is clear that a broadly worded forum selection clause is "not limited solely to claims for breach of the contract that contains it." Wellogix, Inc. v SAP Am., Inc., 58 F. Supp. 3d 766, 778 (S.D. Tex. 2014), quoting MaxEn Capital. LLC v. Sutherland, No. 08-3590, 2009 U.S. Dist. LEXIS 29308, at *16 (S.D. Tex. Apr. 3, 2009) (internal quotations omitted).

Plaintiffs' reliance on Pinto Tech. Ventures, L.P. v. Sheldon, 526 S.W.3d 428, 440 (Tex. 2017) for the argument that their claims are independent of the Subscription Agreements is misplaced. In Pinto, the plaintiffs had brought an action in Texas despite the fact that they were parties to a Shareholders Agreement that provided for Delaware venue for "any dispute arising out of [the Shareholders] Agreement." Id. at 434-35. In reversing the lower court, which had held the clause to be inapplicable because the "Shareholders' claims derive from statute and common law and, thus, do not 'aris[e] out of' the 2010 Amended Shareholders Agreement," the Court held that the "words 'arising out of' have 'broad[] significance.'" Id. at 435. The Court then went on to hold that the "noncontractual" claims asserted by the plaintiffs arose in connection with the Shareholders Agreement, and thus were subject to its forum clause: "while shareholders might be able to assert tortious-interference, breach-of-fiduciary-duty, and other noncontractual claims even without a shareholders agreement, the allegations in this case invoke the 2010 Amended Shareholders Agreement as an integral part of [the] claimed injuries." Id. at 441. In so ruling, the Court held that "but for" the plaintiffs' status as shareholders and the rights afforded to them under the Shareholders Agreement, none of the claims would have arisen. Id.

Plaintiffs' assertion that their claims are "independent of the Subscription Agreement" (Dkt. No. 286, Pltff. Opp., p. 23) is the very argument rejected in Pinto. It is hard to imagine how the Plaintiffs can argue that claims asserted under the TSA based on the Plaintiffs' purchase

6

of limited partnership interests, or claims of fraud or breach of fiduciary duty based on disclosures made by the GPB Defendants in connection with their offering of the limited partnership interests, neither arise out of or in connection with the Subscription Agreements. As in Pinto, "but for" the Plaintiffs' purchase of their limited partnership interests, none of these claims would have arisen.

Plaintiffs' claims are based on alleged misrepresentations and omissions in connection with their execution of the Subscription Agreements and their purchase of limited partnership interests in the GPB Funds, and, accordingly, pursuant to Paragraph 40(b) of each of the Subscription Agreements, can only be brought in the state courts of New York County.

## IV. THE FORUM SELECTION CLAUSE IS APPLICABLE TO THE NON-SIGNATORY DEFENDANTS

Recognizing the applicability of the Forum Selection Clause, Plaintiffs seek to limit its impact by arguing that the clause should not be applied to non-signatories of the Subscription Agreements. As detailed in the Joint Motion (Dkt. No. 265, pp. 13-14), however, a non-signatory can enforce a forum selection clause when it is closely related to a transaction *or* when a signatory to the contract alleges that the non-signatory engaged in "substantially interdependent and concerted misconduct" with another signatory. See Terraspan, LLC v. Rave, LLC, No. 3:12-CV-0816-K, 2012 U.S. Dist. LEXIS 174672, at *11 (N.D. Tex. Dec. 10, 2012) ("A nonparty can be bound to a forum selection clause if the nonparty is closely related to the dispute, such that it becomes foreseeable that it will be bound"); JFP Servs., LLC v. Torans, No. SA-17-CV-00210-FB, 2018 U.S. Dist. LEXIS 114059, at *24-25 (W.D. Tex. Apr. 30, 2018) (reasoning that those closely related to signatories, such as individual employees, can enforce a forum selection clause); Vartec Telecom, Inc. v. BCE Inc., No. 3:02-CV-2585-M, 2003 U.S. Dist. LEXIS 18072,

at *6-7 (N.D. Tex. Oct. 9, 2003) (citing Grigson v. Creative Artists Agency, L.L.C., 210 F.3d 524 (5th Cir. 2000)).[2]

Plaintiffs' reliance on Pinto, supra, in support of their argument that non-parties cannot enforce a forum clause is unavailing. In Pinto, the Court held that a clause that expressly stated that the contract was not intended to confer any rights or remedies on any nonparty undercut the argument that a non-signatory could enforce the forum selection clause. Here, however, the Subscription Agreements do not contain a "no third party beneficiary" provision. Moreover, the Forum Selection Clause here, by contrast, is not so limited; rather, it broadly states it applies to "any litigation arising out of, under, or in connection with" the Subscription Agreement and is not restricted to claims brought by one party against the other.[3]

"[T]o allow a party to 'have it both ways' by asserting claims intertwined with the agreement but denying the forum selection clause's applicability would 'fly in the face of fairness.'" Vartec Telecom, Inc. v. BCE Inc., No. 3:02-CV-2585-M, 2003 U.S. Dist. LEXIS 18072, at *7 (N.D. Tex. Oct. 9, 2003). As detailed in the Joint Motion, Plaintiffs cannot argue on the one hand that the signatory and non-signatory defendants "perpetuated a complex and multi-faceted scheme to solicit investment income from investors such as Plaintiffs and the class

---

[2] "Foreseeability" is not a factor in the "concerted misconduct" test. See Vartec, 2003 U.S. Dist. LEXIS 18072, at *6.

[3] Plaintiffs' citation to paragraph 9 of the Subscription Agreements, which provide that "no one other that the Subscriber will have any interest in . . . all or any parts of the Units," in no way limits the right of a non-signatory to enforce the Forum Selection Clause. Indeed, paragraph 9 is nothing more than an affirmation that the subscriber is purchasing the securities for itself without the intent to transfer ownership to anyone else.

members, and then extract the proceeds of those investments for their own gain" (Compl. ¶ 232), while arguing in response to this motion that the claims are not interdependent or foreseeable.[4]

## V. VENUE IS IMPROPER IN THIS DISTRICT

As set forth in the Joint Motion (Dkt. No. 165, pp. 17-18), Plaintiffs have not alleged facts supporting their venue choice, have not established venue for each separate cause of action alleged in the Complaint, and have not proved any of the §1391(b) venue prongs. The absence of any significant connection between this District and all but a few of the defendants and their principals, and the lack of a connection between this District and the events at issue, provide yet another reason why this action should not proceed before this Court.

## VI. A STAY IS WARRANTED

This case should be dismissed based on the Forum Selection Clause, which provides that the case should proceed in the New York State Supreme Court, where there is already pending a class action. Alternatively, as set forth in the Joint Motion, this Court should exercise its discretion and stay this case in favor of the prior-filed class action entitled: In Re GPB Capital Holdings, LLC Litigation, Index No. 157679/2019 ("In Re GPB"), pending in New York.

In response to this motion, Plaintiffs argue that this case is distinct from In Re GPB Capital Holdings, LLC Litigation. (Dkt. No. 286, Pltff. Opp., p. 28-29). In fact, these cases arise out of the same facts and assert substantially similar claims. Both In Re GPB and this action involve the same class of plaintiffs, defined in this action as consisting of "[a]ll persons who held shares in any of the GPB Funds from November 5, 2015 to the present," (Compl. ¶189) and in the New York action as being "all persons or entities that purchased or otherwise acquired GPB

---

[4] If the Court finds that the Forum Selection Clause does not reach the claims at issue here and therefore balances the public and private interests in evaluating this motion to dismiss for *forum non conveniens*, the scale still tips in favor of dismissal. See Dkt. No. 265, pp. 7 & 17 n.5.

9

Investment Program securities." (In Re GPB Compl. ¶ 374, Ex. I to Emanuel Dec.). While this action asserts fraud under the TSA, and the In Re GPB action asserts common law fraud, the essence of these claims are the same: both are based on alleged material misstatements and omissions in the offering documents for the GPB Funds, including misstatements and omissions relating to the source and amount of distributions and alleged related party transactions. (Compl. ¶ 177; In Re GPB Compl. ¶¶ 422-425, Ex. I to Emanuel Dec.). Each complaint asserts breaches of fiduciary duty based on alleged self-dealing transactions and failures to provide oversight. Neither case asserts any federal law claims. While the auditor defendants are not named in New York, most defendants are named in both cases, and full relief would be available in New York.

Given that the In Re GPB action was commenced before this case and involves parallel parties and claims (none of which are brought under federal law), allowing these actions to both proceed would "'create a danger of piecemeal litigation,' a central concern of Colorado River," Gates v. Gusman, No. 15-3898, 2016 U.S. Dist. LEXIS 98114, at *11-12 (E.D. La. July 27, 2016). Therefore, a stay is warranted. See Kelly Inv., Inc. v. Cont'l Common Corp., No. 01-609 c/w Nos. 01-610 & 01-611, 2001 U.S. Dist. LEXIS 19638, at *12 (E.D. La. Nov. 21, 2001) ("Due mainly to the avoidance of piecemeal litigation, and due to the order in which jurisdiction was obtained and the progress of the action in the Texas forum, this Court will stay the above-captioned matter based on the Colorado River factors.").

## CONCLUSION

For the foregoing reasons, the Court, in the first instance, should dismiss the Complaint based on the doctrine of *forum non conveniens* and for improper venue. In the alternative, the Court should stay the action in deference to the prior pending class action in New York.

Dated:  New York, New York
        March 12, 2021

                                       **ROSENFELD & KAPLAN, LLP**

By: _____
Tab K. Rosenfeld (admitted *pro hac vice*)
NY State Bar No. 2216141
Steven M. Kaplan (admitted *pro hac vice*)
NY State Bar No. 1521210
Nicole E. Meyer (admitted *pro hac vice*)
NY State Bar No. 5188479
Rosenfeld & Kaplan, LLP
1180 Avenue of the Americas, Suite 1920
New York, NY 10036
Telephone: (212) 682-1400
Facsimile: (212) 682-1100
steve@rosenfeldlaw.com
nm@rosenfeldlaw.com

**REEVES & BRIGHTWELL LLP**
Beverly Reeves
TX State Bar No. 16716500
Ryan Pierce
TX State Bar No. 24035413
3711 S Mopac Expy, Bldg 1, Ste 500
Austin, TX 78746
Telephone: (512) 334-4509
Facsimile: (512) 334-4492
breeves@reevesbrightwell.com
rpierce@reevesbrightwell.com

*Attorneys for Defendants GPB Capital Holdings, LLC, GPB Automotive Portfolio, LP, GPB Cold Storage, LP, GPB Holdings II, LP, GPB Holdings, LP, GPB Holdings III LP, GPB Holdings Qualified LP, GPB NYC Development, LP, GPB Holdings Qualified, LP, and GPB Waste Management Fund, LP, Highline Management, Inc., CKFG Holding LLC, McAnna, LP, Robert Kessler, Gerald Francese, and Rina Chernaya*

11

**GILBERT PC**

By: /s/ Chris L. Gilbert
Texas Bar No. 24054302
100 Crescent Court, Suite 700
Dallas, Texas 75201
Tel: (214) 613-1112
Fax: (682) 593-5525
chris.gilbert@gilbertpclaw.com

**KOBRE & KIM LLP**

By: /s/ Leif T. Simonson
Leif T. Simonson
NY State Bar No. 4173316
(Admitted pro hac vice)
William F. McGovern
NY State Bar No. 2611580
(Admitted pro hac vice)
800 Third Avenue
New York, New York 10022
Tel: (212) 488-1200
Fax: (212) 488-1220
Leif.Simonson@kobrekim.com
William.McGovern@kobrekim.com

*Attorneys for Defendant David Gentile*

**PHILLIPS NIZER LLP**

By: /s/ Jared R. Clark
Jared R. Clark (admitted pro hac vice)
N.Y. State Bar No. 2721702
Mark M. Elliott (admitted pro hac vice)
N.Y. State Bar No. 2383891
485 Lexington Avenue
New York, New York 10017
Telephone: (212) 977-9700
Fax: (212) 262-5152
JCLARK@PHILLIPSNIZER.COM
MELLIOTT@PHILLIPSNIZER.COM

**BOULETTE GOLDEN & MARIN L.L.P.**

By: /s/ Michael D. Marin
Michael D. Marin
State Bar No. 007911742801
Via Fortuna, Suite 530
Austin, Texas 78746
Telephone: (512) 732-8924
Fax: (512) 732-8905
mmarin@boulettegolden.com

*Attorneys for Defendant Scott Naugle*

**STRONG PIPKIN BISSELL & LEDYARD LLP**

By: /s/ K. B. Battaglini
K. B. Battaglini
Texas Bar No. 01918060
Two Riverway, Suite 1020
Houston, Texas 77056
713.210.4371
713.651.1920 fax
kbattaglini@strongpipkin.com

*Attorneys for Defendants Ascendant Capital LLC, Ascendant Alternative Strategies LLC, DJ Partners LLC, MR Ranger LLC, Jeffry Schneider, Mark D. Martino, and Dotty J. Bollinger*

**SHEARMAN & STERLING LLP**

By: /s/ David P. Whittlesey
Texas Bar No. 00791920
300 W. 6th Street, Suite 2250
Austin, TX 78701
Tel.: (512) 647-1900
david.whittlesey@shearman.com

*Attorneys for Defendant Mike Frost*

**REEVES & BRIGHTWELL LLP**

By: /s/ Ryan Pierce
Beverly Reeves
TX State Bar No. 16716500
Ryan Pierce
TX State Bar No. 24035413
3711 S Mopac Expy, Bldg 1, Ste 500
Austin, TX 78746
Telephone: (512) 334-4509
Facsimile: (512) 334-4492
breeves@reevesbrightwell.com
rpierce@reevesbrightwell.com

*Attorneys for Steven Frangioni &*
*Evan Myrianthopoulos*

**NORTON ROSE FULBRIGHT US LLP**

By: /s/ Peter A. Stokes
Gerard G. Pecht (Attorney-in-Charge)
State Bar No. 15701800
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Peter A. Stokes
State Bar No. 24028017
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
peter.stokes@nortonrosefulbright.com

*Attorneys for Defendant Axiom Capital*
*Management, Inc.*

**WITTLIFF CUTTER, PLLC**

By: /s/ Kathryn E. Hoover
Katherine P. Chiarello (Texas Bar No. 24006994)
1209 Nueces Street
Austin, TX 78701
Telephone: (512) 960-4524
Facsimile: (512) 960-4869
katherine@wittliffcutter.com

14

**WILLIAMS & CONNOLLY LLP**
Steven M. Farina (pro hac vice)
Katherine M. Turner (pro hac vice)
Kathryn E. Hoover (pro hac vice)
725 12th Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
sfarina@wc.com
kturner@wc.com
khoover@wc.com

*Attorneys for Defendant RSM US LLP*

**LATHAM & WATKINS LLP**

By:  /s/ Carolyn Homer
District of Columbia Bar No. 1049145
(admitted to practice in W.D. Tex.)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: 202.637.2200

Kevin M. McDonough (pro hac vice)
Dennis Mai (pro hac vice)
885 Third Avenue
New York, NY 10022
Telephone: 212.906.1200
Facsimile: 212.751.4864
kevin.mcdonough@lw.com
dennis.mai@lw.com

John J. Barber (pro hac vice)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
Facsimile: 312.993.9767
john.barber@lw.com

*Attorneys for Defendant Crowe LLP*

15

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 12, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have registered for electronic filing, and I hereby certify that the foregoing document was mailed by first class mail to non CM/ECF participants.

_____
Steven M. Kaplan