UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STANLEY S. and MILLICENT R. BARASCH LIVING TRUST and LORETTA DEHAY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GPB CAPITAL HOLDINGS, LLC, et al.,<br><br>Defendants. | § § § § § § § § § § § § § § § Case No. 1:19-cv-01079-LY |

### DEFENDANT MINCHUNG KGIL'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant Minchung Kgil respectfully moves this Court to dismiss the claims asserted against her in the Third Amended Complaint (the "Complaint"), brought by Plaintiffs the Stanley S. and Millicent R. Barasch Living Trust and Loretta DeHay (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, pursuant to Rules 9(b), 12(b)(2), 12(b)(6) of the Federal Rules of Civil Procedure. Kgil also joins in the Omnibus Motion to Dismiss (the "Omnibus Motion") filed by GPB Capital Holdings, LLC ("GPB Capital") and others based on the forum *non conveniens* doctrine and improper venue. ECF No. 265 (filed Dec. 12, 2020) (the "Omnibus Brief").

PRELIMINARY STATEMENT

Kgil is a New York resident who served as the Chief Financial Officer ("CFO") of GPB Capital between September 2016 and April 2018, when she resigned her position.[1] Given Kgil's relatively brief tenure as GPB Capital's CFO, it is hardly surprising that the Complaint contains no particularized allegations of wrongdoing by Kgil. Instead, the Complaint contains only generic "group pleading" allegations against Kgil, lumping her together with numerous other defendants the Complaint labels as "GPB Principals." Complaint ¶ 5 & n.2. Indeed, she is mentioned in just four of the 307 paragraphs in the Complaint (Compl. ¶¶ 5, 44, 158, 162), and other than the allegation that Kgil resides in New York, the Complaint is devoid of a single factual allegation directed specifically at Kgil.[2]

Nowhere in the Plaintiffs' Complaint do they allege with particularity acts or omissions committed by Kgil that could rise to the level of either pleading standard set forth in Rule 8(a) or 9(b). Accordingly, for the reasons set forth in the other defendants' briefs in support of their respective motions to dismiss (ECF Nos. 263-77), which Kgil adopts to the extent applicable to her, the claims against Kgil should be dismissed.

The Complaint should also be dismissed because this Court lacks personal jurisdiction over Kgil. As the Complaint alleges, Kgil is a citizen of New York, and the Complaint fails to allege any purposeful contacts with Texas by Kgil that give rise to the claims against her.

---

[1] While the Complaint here does not include the dates of her employment, they are set forth in in consolidated complaint in the New York putative class actions, referenced at page 5 of the Omnibus Brief (captioned *In Re GPB Capital Holdings, LLC Litigation*, Index No. 157679/2019 ("GPB NY Class Action") (Exhibit I to the Declaration of Michael Emanuel, ECF No. 264-10, see Compl. ¶ 39.))

[2] Notably, in the GB NY Class Action, Plaintiffs voluntarily discontinued the action against Kgil. *See supra*, Dkt. No. 218. And in *Deluca v. GPB Automotive Portfolio, LP, et al.*, (S.D.N.Y.), Case No. 19-CV-10498 (LAK), a related class action with overlapping allegations against many of the same defendants, Kgil is not named as a defendant and the only reference to her in that complaint is the fact that she resigned from GPB in 2018. *See* Dkt. No. 83, ¶ 122.

THE PLAINTIFFS' ALLEGATIONS

Although the Complaint's allegations implicate other private equity funds associated with GPB Capital, the Barasch Trust and DeHay allegedly purchased limited partnership interests in three of the nine investment funds: GPB Automotive Portfolio, LP, GPB Holdings II, LP, and GPB Waste Management Fund, LP (the "GPB Funds"). The GPB Funds were allegedly created, managed, and marketed by GPB Capital. Compl. ¶¶ 6, 34, 36. Barasch and DeHay executed a series of substantially similar subscription agreements (the "Subscription Agreements") to buy into limited partnership interests in the GPB Funds. Compl. ¶¶ 168–173.

The Complaint alleges GPB Capital was led by CEO David Gentile, Kgil, and six other "Directors and Partners". Compl. ¶ 5, n.2.[3] Plaintiffs allege this group of eight individuals ostensibly "provided the framework for [GPB] Ponzi scheme" by creating a layered "onion," which contained a series of partnerships designed to raise discreet funds for investment into automotive dealerships. *Id*. ¶¶ 5, 10-12. Each layer of the onion, according to Plaintiffs, contained misrepresentations, omissions, self-dealing, and auditor cover-ups. *See Id*. ¶¶ 24-30. The Complaint, however, identifies only "one such relationship" – a series of transactions between GPB Capital and an entity named DJD Holdings, LLC that occurred in 2013 and 2014 – years before GPB Capital hired Kgil. *Id*. ¶¶ 26, 117, 121-22. Plaintiffs further cite to a "recent state regulatory investigation determined that "GPB Capital's control persons" have various interests in various entities the GPB funds cited through the Complaint. *Id* ¶¶ 25, 1230-24.

---

[3] The Directors and Partners in the Third Amended Complaint includes Defendants Manuel Federico Vianna (Managing Partner of GPB Capital), Dotty J. Bollinger (Managing Partner of GPB Capital), Michael Frost (Managing Partner of GPB Capital), Evan Myrianthopoulos (Managing Partner of GPB Capital), Stephen Frangioni (Director of Fund accounting of GPB Capital), and Scott Naugle (Managing Director of Automotive Retail for GPB Capital). Collectively, these individuals, along with Gentile and Kgil, are referred to as "the GPB Principals." Compl. n.2

Notwithstanding Kgil's short tenure at GPB Capital, Plaintiffs group her into alleged acts committed by the GPB Principals. Compl. ¶ 5, 44. Plaintiffs generally allege that the numerous GPB Principals were "integrally involved in the preparation of financial and other records that revealed the scheme and self-dealing," that they "failed to comply with a compliance manual" kept by GPB Capital, and that they knew "that the GPB Funds were not generating adequate income to fund some alleged promised distributions." Compl. ¶¶ 158, 159, 162. The Complaint fails to allege a single discreet act Kgil committed in furtherance of these sweeping allegations.

Plaintiffs assert five claims against Kgil as one of the eight GPB Principals: common law fraud, civil conspiracy, breach of fiduciary duties, and two claims for "Control Person" liability under the Texas Securities Act ("TSA"), based on GPB Capital's underlying alleged violations. Compl. ¶¶ 218–224, 231–246, 272–279, 294–300.

## ARGUMENT

I. THIS COURT LACKS PERSONAL JURISDICTION OVER KGIL

Plaintiffs bear the burden of establishing personal jurisdiction over a non-resident defendant and that burden is met by making a *prima facie* showing. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). That showing must include minimum contacts that give rise to specific or general jurisdiction. *Id*. General jurisdiction will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both "continuous and systematic" such that the nonresident would be consider "at home" within the forum state. *Daimler AG, v. Bauman, et al.*, 571 U.S. 117, 139 (2014); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). Specific jurisdiction on the other hand exists when "the defendant has 'purposefully directed' his activities at residents of the forum ... and the litigation results from alleged injuries that arise out of or relate to those

activities." *See Burger King v. Rudzewicz,* 471 U.S. 462, 472 (1985) (citations omitted). The nonresident's purposefully directed activities in the forum must be such that they could reasonably anticipate being haled into court in the forum state. *Burger King,* 471 U.S. at 474. Specific jurisdiction also requires a sufficient nexus between the nonresident's contacts with the forum and the cause of action. *Helicopteros Nacionales de Colombia, S.A.,* 466 U.S. 408, 414 n.8 (1984). The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. *Burger King*, 471 U.S. at 472 (citation omitted). Overly general fraud allegations that do not meet the requirements of Rule 9(b) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), will not support specific jurisdiction. *See Clemons v. WPRJ, LLC*, 928 F. Supp. 2d 885, 903 (S.D. Tex. 2013).

A.  PLAINTIFFS HAVE FAILED TO SHOW GENERAL JURISDICTION

At all times relevant, Kgil was a citizen of New York. Compl. ¶ 44. She worked at a company organized in Delaware and operated out of New York City. Emanuel Decl. ¶¶ 3–9, Exhs. B–H. As for her contact with Texas, the Complaint alleges only that "[u]pon information and belief, Kgil, either personally or by directing his [*sic*] employees or other agents, transacted business for or on behalf of the GPB Funds from GPB/Ascendant's offices in Austin, Texas." Compl. ¶ 44. As other defendants have argued (Kgil adopts the other defendants' personal jurisdiction legal arguments in full), Kgil cannot be said to be "at home" in Texas based only on this vague and purely conclusory statement. *See Daimler*, 571 U.S. at 139; s*ee, e.g.*, Naugle Motion to Dismiss, ECF No. 267, at 4-7.

B.  PLAINTIFFS HAVE FAILED TO SHOW SPECIFIC JURISDICTION

Specific jurisdiction is also lacking. Apart from overly general allegations not meeting the requirements of Rule 9(b) and *Twombly*, the Complaint does not allege that Kgil directed any

activities at Ascendant or in Texas sufficient to give rise to her anticipating of "being haled" into Texas court. *Burger King,* 471 U.S. at 474. Nor does the Complaint allege that Kgil had any contact with any Texas resident regarding the purchase of any securities. *See Meader v. IRA Resources, Inc.*, 178 S.W.3d 338, 348-49 (Tex. App.—Houston [14th Dist.] 2005, no. pet.) (holding that defendant who has no direct contact with the purchasers of the securities is less likely to be subject to jurisdiction.). There is simply an absence of any allegations that together or separately provide a sufficient nexus between any of Ascendant's business activities or investor communications and Kgil's role as officer of GPB Capital in New York. *Helicopteros Nacionales de Colombia, S.A.,* 466 U.S. at 414 n. 8.

Because Plaintiffs have failed to show Kgil's contacts with Ascendant or any other Texas-based entity were anything more than "random, fortuitous and attenuated," Plaintiffs Complaint should be dismissed against Kgil.

II. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST KGIL OR PLEAD FRAUD WITH PARTICULARITY

Kgil adopts the legal arguments set forth by the other defendants regarding the Complaints failure to plead fraud with particularity. *See, e.g.*, Naugle Motion to Dismiss, ECF No. 267, at 7-13; GPB Capital Holdings, LLC Motion to Dismiss, ECF, No. 264, at 6-16. Plaintiffs have failed to plead their fraud-based claims with enough particularity to help Kgil prepare a defense. *Id*. With no particulars identifying when Kgil transmitted any misrepresentations, where Kgil was when she did so, and what Kgil said or wrote, the Complaint simply does not "nudge [its] claims across the line from conceivable to plausible" and should therefore be dismissed. *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994); *Twombly.,* 550 U.S. at 570.

Perhaps most importantly, as other defendants note, the Complaint improperly engages in "group pleading" to ensnare numerous individuals without the specific allegations of individual

wrongdoing. *See*, *e.g.*, Naugle Motion to Dismiss, ECF No. 267, at 7-10. Such "group pleading" is insufficient to state a claim or to plead fraud with particularity. *See*, *e.g.*, *Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015); *cf. Deluca v. GPB Automotive Portfolio, LP, et al.*, No. 1:19-cv-10498-LAK, 2020 WL 7343788 at *15 (S.D.N.Y. Dec. 14, 2020) ("the complaint frequently fails to assign particular roles to any of the defendants in relation to the alleged misrepresentations and omissions . . . it repeatedly lumps the defendants together and alleges that they knew various misrepresentations and omissions were false or misleading without describing which defendants had such knowledge or how such knowledge may have been obtained."). The Complaint does not contain any specific allegations of wrongdoing by Kgil and should therefore be dismissed.

Further, as set forth in the other defendants' motions, (1) Plaintiffs' claims are governed by New York law and the Texas Securities Act ("TSA") is therefore inapplicable, (2) the TSA claims against Kgil (Counts 9 and 12) should be dismissed because the Complaint does not plead the requisite elements of control during her short tenure as an officer at GPB Capital Holdings; (3) the fraud claim and conspiracy claims are insufficient because the Complaint does not identify with the specificity required by Rule 9(b) misstatements or omissions made by Kgil or the particular GPB statements or omissions that it contends induced either Barasch or DeHay to purchase their respective limited partnership interests in 2016, 2017 or 2018, nor does it adequately allege that Barasch or DeHay actually relied on any alleged misstatement. *See, e.g.*, Naugle Motion to Dismiss, ECF No. 267, at 7-10; Frost Motion to Dismiss, ECF No. 268, at 4-9.

Further the Complaint fails to state a claim against Kgil for breach of her fiduciary duties as an officer of GPB Capital, a separate entity from the limited partnerships the Plaintiffs joined. Because each entity encompassed in this action is organized in Delaware, Delaware law will apply to their claim for breach of fiduciary duty. *See* Emanuel Decl. ¶¶ 4, 6 & 8 and Exhibits C, E & G

7

annexed thereto; *See 122261 Fondren, LLC v. Riverbank Realty GP, LLC*, No. H–09–4074, 2010 WL 1741071, at *2 (S. D. Tex. April 29, 2010) (applying the "internal affairs doctrine" to conclude Delaware law applied, because the limited partnership and limited liability company at issue were Delaware companies); *Parkcentral Glob. Litig.*, 884 F. Supp. 2d 464, 477 (N.D. Tex. 2012) (same).

To determine whether Kgil breached her fiduciary duty to the Plaintiffs, the Plaintiff must prove (1) a fiduciary duty existed and (2) Kgil breached that duty. *Pilepro, LLC*, 152 F. Supp. 3d at 676 (W.D. Tex. 2016) (*citing Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 601 (Del. Ch.), *aff'd sub nom. ASDI, Inc. v. Beard Rsch., Inc*., 11 A.3d 749 (Del. 2010). In fraud-based actions such of this one, Plaintiffs must plead specific facts showing that Kgil somehow (1) exerted control over the assets of the GPB Funds (separate and apart from GPB Capital), and (2) benefited personally at the expense of the GPB Funds. *Bay Ctr. Apartments Owner, LLC v. Emery Bay PKI, LLC*, C.A. 3658-VCS, 2009 WL 1124451, at *10 (Del. Ch. Apr. 20, 2009). Plaintiffs adequately plead neither element. The Complaint contains no allegations that Kgil exercised ownership or control over GPB Capital or its funds, but only that she was briefly an officer of GPB Capital. Compl. ¶ 5.

Second, Plaintiffs plead no facts to indicate that Kgil personally benefitted at the expense of GPB funds. The Complaint states that Gentile, Lash and Schneider, as well as others, owned stakes and profited from the alleged fraud, fee structure, and insider deals at GPB Capital and elsewhere (¶¶ 66-77, 115-32, 99-105) but makes no such allegations against Kgil.

Simply put, the Complaint contains no allegations to indicate that Kgil owed—much less violated—any fiduciary duties to Plaintiffs.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the lawsuit against Kgil pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, the Court should dismiss the lawsuit under Fed. R. Civ. P. 9(b) and 12(b)(6), or pursuant to the doctrine of forum *non conveniens* doctrine and based on improper venue.

Dated: May 17, 2021

Respectfully submitted,

By: *Paul T. Harle*
James J. Regan (*pro hac vice pending*)
Joseph A. Ciucci (*pro hac vice pending*)
Paul T. Harle (Texas Bar No. 24080093)
DUANE MORRIS, LLP
900 S. Capital of Texas Hwy, Suite 300
Austin, TX 78746-5435
Telephone: +1 512 277 2300
Fax: +1 512 277 2301
jregan@duanemorris.com
ciucci@duanemorris.com
pharle@duanemorris.com

Attorneys for Defendant
Minchung Kgil

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2021, a true and correct copy of the foregoing was filed with the Court's electric case filing (ECF) system, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for the ECF service.

*/s/ Paul T. Harle*
Paul T. Harle
